UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Respondent,<br><br>v.<br><br>JOSE ORTEGA-SANCHEZ,<br><br>  Defendant-Petitioner. | 1:13-cr-151-LJO-SKO<br><br>**MEMORANDUM DECISION AND ORDER RE PETITIONER'S § 2255 MOTION**<br><br>(ECF No. 18) |

## I. <u>INTRODUCTION</u>

On June 27, 2016, Jose Ortega-Sanchez ("Petitioner"), a federal prisoner proceeding pro se, filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. ECF No. 18. Therein, Petitioner raises issues relating to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), and requested that the Court appoint him counsel to assist him. *Id.*

On August 2, 2016, in accordance with Eastern District of California General Order 563, the Court appointed the Federal Defender's Office ("FDO") to represent Petitioner in this matter. ECF No. 20. The FDO subsequently notified the Court that it would not file a supplement to Petitioner's motion and requested withdrawal as counsel. ECF No. 25.

Petitioner then filed a supplement to his § 2255 motion, ECF No. 18, and the Court ordered the Government to file a response, ECF No. 29. The Government filed its opposition on April 27, 2017, and Petitioner filed a response on July 20, 2017.

For the reasons below, the Court DENIES Petitioner's motion.

1

## II. BACKGROUND

On April 18, 2013, Petitioner was indicted on the charge of being a deported alien in the United States after being convicted of one or more crimes punishable by a term of imprisonment exceeding one year, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). ECF No. 1. This conviction, which occurred on or around October 5, 2005, was for second-degree robbery in violation of California Penal Code ("CPC") § 211 in Fresno County Superior Court, for which Petitioner was sentenced to two years' imprisonment. *Id.*; ECF No. 15 at 7.

On March 17, 2014, Petitioner, assisted by counsel, signed a plea agreement with the Government, wherein he agreed to plead guilty to this charge. ECF No. 15. Petitioner waived his right to trial, as well as to appeal and other post-conviction remedies. *Id*. at 3. The Government agreed to recommend a two or three-level reduction if Petitioner demonstrated acceptance of responsibility and an additional two-level reduction if he agreed to an early disposition of his case. *Id*. at 6. According to the agreement, the maximum potential sentence Petitioner could receive is 20 years. *Id*. at 7.

According to Petitioner's pre-plea presentence investigation report ("PSR"), his base offense level is 8. ECF No. 10 ¶ 7. Pursuant to section 2(b)(1)(A)(ii) of the United States Sentencing Guidelines ("Guidelines" or "USSG"), the PSR determined that 16 levels should be added because he had been previously deported subsequent to a conviction for a crime of violence (second-degree robbery, in violation of CPC § 211), for which he served a two-year term of imprisonment. *Id*.¶ 8. Because the PSR anticipated that Petitioner would plead guilty and admit to the stipulated facts in the plea agreement, the PSR recommended a three-level reduction pursuant to U.S.S.G. § 3E1.1(a) and (b), resulting in a total offense level of 21. *Id*. ¶¶ 11-12. With a criminal history category of V and a total offense level of 21, the PSR determined Petitioner's Guidelines range to be 70 to 87 months. *Id*. at 13. However, the PSR also noted that if a four-level fast track departure under USSG § 5K3.1 were applied, Petitioner's total offense level would be 17, and his Guidelines range would be 46 to 57 months. *Id*. at 14.

Petitioner's plea was entered on March 17, 2014. ECF No. 15. He was sentenced to a term of 46

months imprisonment on the same date. *Id*.; ECF No. 16. His judgment and commitment was entered on March 20, 2014. ECF No. 17.

Petitioner did not appeal his conviction or sentence. This is his first motion under § 2255.

## III. LEGAL FRAMEWORK

**A.  28 U.S.C. § 2255**

Section 2255 provides four grounds upon which a sentencing court may grant relief to a petitioning in-custody defendant:

[1] that the sentence was imposed in violation of the Constitution or laws of the United States; or

[2] that the court was without jurisdiction to impose such sentence; or

[3] that the sentence was in excess of the maximum authorized by law; or

[4] is otherwise subject to collateral attack.

28 U.S.C. § 2255(a). Generally, only a narrow range of claims fall within the scope of § 2255. *United States v. Wilcox*, 640 F.2d 970, 972 (9th Cir. 1981). The alleged error of law must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974).

**B.  *Johnson v. United States***

Pursuant to the Armed Career Criminal Act ("ACCA"), a defendant must be sentenced to a mandatory minimum of 15 years to life in custody if he has three prior convictions for "a violent felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1). The ACCA defines "violent felony" as any crime punishable by imprisonment for a term exceeding one year that:

(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B) (emphasis added). Courts generally refer to the first clause, § 924(e)(2)(B)(i), as the "elements clause"; the first part of the disjunctive statement in (ii) as the "enumerated offenses

3

clause"; and its second part (starting with "or otherwise") as the "residual clause." *Johnson v. United States*, 135 S. Ct. 2551, 2556-57, 2563 (2015).

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," on the basis that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by judges." 135 S. Ct. at 2557, 2563. In *Welch v. United States*, the Supreme Court held that its decision in Johnson announced a new substantive rule that applies retroactively to cases on collateral review. 136 S. Ct. 1257, 1268 (2016). "By striking down the residual clause for vagueness, Johnson changed the substantive reach of the Armed Career Criminal Act, altering the 'range of conduct or the class of persons that the [Act] punishes." *Id*. at 1265 (quoting *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004)). As a result, defendants sentenced pursuant to the ACCA residual clause can collaterally attack their sentences as unconstitutional under § 2255. *See, e.g., United States v. Heflin*, 195 F. Supp. 3d 1134 (E.D. Cal. 2016).

**C.     Sentencing Enhancements Pursuant to USSG § 2L1.2(b)(1)(A)(ii)** [1]

The 2012 version of USSG § 2L1.2(b)(1)(A)(ii), which was used to calculate Petitioner's Guidelines range, authorizes a 16-level enhancement for defendants who have been previously been deported or unlawfully remained in the United States after, *inter alia*, a conviction for a felony that is a "crime of violence" that received criminal history points. For purposes of this section and Petitioner's pending motion, "crime of violence" explicitly includes any federal, state, or local "robbery." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

---

[1] The full definition of "crime of violence" contained in the USSG § 2L1.2 commentary is as follows:

> any of the following offenses under federal, state, or local law: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses (including where consent to the conduct is given or is not legally valid, such as where consent is involuntary, incompetent, or coerced), statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another.

U.S.S.G. § 2L1.2 cmt. n.1(B)(iii).

4

## IV. ANALYSIS

Petitioner argues that following *Johnson*, his conviction for second-degree robbery, in violation of CPC § 211, no longer qualifies as a deportable offense under immigration law. ECF No. 28 at 2-5. As a result, he argues that the removal order underlying his § 1326 conviction is no longer valid, that the 16-level enhancement under USSG § 2L1.2 was improperly imposed, and that he is entitled to relief under § 2255. *Id.* at 5. He also contends that *Johnson* announced a new substantive rule of constitutional law that is retroactively applicable to his case and was previously unavailable to him. ECF No. 18 at 10.

In its opposition, the Government argues that Petitioner's motion must be denied because 1) it is time-barred; 2) he waived his right to collateral attack in his plea agreement; 3) that his claim is barred by procedural default because he did not raise it on direct appeal; and 4) that the "crime of violence" definition at issue in this case was not affected by *Johnson*. ECF No. 31.

Petitioner's response merely reiterates the arguments made in his earlier filings. *See* ECF No. 34.

### 1. Timeliness, Waiver, and Procedural Default

Generally, a one-year period of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). Furthermore, if a petitioner has expressly waived his rights to appeal and to collaterally attack his sentence, the district court lacks jurisdiction to consider his § 2255 motion. *Washington v. Lampert*, 422 F.3d 864, 869 (9th Cir. 2005). Finally, claims that could have been raised on direct appeal, but were not, are procedurally barred, absent a showing of cause and prejudice. *Massaro v. United States*, 538 U.S. 500, 504 (2003).

In this case, Petitioner filed his motion on June 27, 2016, over one year after March 20, 2014, the date that his judgment of conviction became final. ECF No. 17. Additionally, as mentioned above, Petitioner waived his right to appeal or bring a collateral attack against his sentence in his plea agreement, *see* ECF No. 15, and did not file a direct appeal of his sentence or conviction. However, because Petitioner has raised issues related to *Johnson*, the Court finds it most appropriate to evaluate the merits of his case, given that the waiver, procedural default, and timeliness bars would not apply if

Petitioner's motion contained a meritorious *Johnson* claim. *See United States v. Torres*, 828 F.3d 1113, 1125 (9th Cir. 2016) ("A waiver of appellate rights will also not apply if a defendant's sentence is 'illegal,' which includes a sentence that 'violates the Constitution.'"); *see also United States v. Johnson*, No. 12-cr-00628-RS-1, 2016 WL 6681184, at *2 (N.D. Cal. Nov. 3, 2016) (under *Torres*, "if [the petitioner]'s sentence is deemed illegal, his waiver will not prevent him from collaterally attacking his sentence … Thus, the waiver question is subsumed into the question of whether [the petitioner]'s sentence was illegal. As a result the waiver itself does not automatically defeat [the petitioner]'s claim."); *United States v. Garcia*, 202 F. Supp. 3d 1109, 1114 (N.D. Cal. 2016) (petitioner challenging § 4B1.2(a) did not procedurally default argument by not raising the issue on direct appeal because the argument was not "reasonably available" before *Johnson* and his motion demonstrated both cause and prejudice). The Court therefore declines to address whether Petitioner's motion is barred by the waiver in his plea agreement, whether it is procedurally defaulted, or whether it is time-barred, and will proceed to the merits of this case. *See, e.g., Hernandez v. United States*, Nos. 4:16-cv-0027-EJL, 4:13-CR-00082-EJL, 2016 WL 6471438, at *3 (D. Idaho Nov. 1, 2016) ("Based on the rule of lenity and because the Court finds the motion should be denied on its merits due to Petitioner's [prior offenses not being impacted by Johnson], the Court will deny the Government's waiver and timeliness arguments in this case.").

**B.     Merits**

The key issues raised in Petitioner's motion is whether his 2005 CPC § 211 conviction can 1) serve as the basis for the removal[2] order in his immigration case, upon which his § 1326 conviction is premised; and 2) qualifies as a "crime of violence" that subjects him to the 16-level enhancement under USSG § 2L1.2(b)(1)(A)(ii). *See* ECF No. 28.

---

[2] Because case law uses "deportation" and "removal" interchangeably, this Order does likewise.

6

### 1. **Underlying Immigration Removal Order**[3]

Petitioner asserts that the removal order underlying his § 1326 conviction is invalid because a CPC § 211 cannot serve as the basis for his removal order in his separate immigration case under the Immigration and Nationality Act ("INA"). ECF No. 28 at 2-3. "Because the underlying removal order serves as a predicate element of [a § 1326 illegal reentry offense], a defendant charged with that offense may collaterally attack the removal order under the due process clause." *United States v. Camacho-Lopez*, 450 F.3d 928, 930 (9th Cir. 2006) (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)). "In order to sustain the attack under the controlling statutory provisions, a defendant must ordinarily show (1) exhaustion of available administrative remedies to seek relief from the deportation order, (2) improper deprivation of the opportunity for judicial review, and (3) fundamental unfairness of the underlying removal order." *Id.* (citing 8 U.S.C. § 1326(d)). To demonstrate "fundamental unfairness," the defendant "bears the burden of establishing both that the 'deportation proceeding violate[d] [his] due process rights' and that the violation caused him prejudice." *United States v. Raya-Vaca*, 771 F.3d 1195, 1201-02 (9th Cir. 2014).

Here, Petitioner argues that CPC § 211 is no longer a deportable offense under the INA. ECF No. 28 at 3-4. Specifically, he argues that after *Johnson*, CPC § 211 is no longer an "aggravated felony" within the meaning of the INA 101(a)(43) (codified at 8 U.S.C. § 1101(43)), which relies upon the "crime of violence" definition listed in 18 U.S.C. § 16. ECF No. 28 at 2-4. The Government did not meaningfully address this argument, merely asserting that Petitioner's removal order should remain in place because he did not demonstrate that the CPC § 211 conviction is invalid. ECF No. 31 at 11.

It is not clear in the record whether Petitioner's 2010 removal order, upon which his § 1326 conviction is based, was on account of the classification of CPC § 211 as an "aggravated felony." The

---

[3] Because the Ninth Circuit has recognized that immigration removal orders implicate fundamental fairness and due process, *United States v. Aguilera-Rios*, 769 F.3d 626, 629-30 (9th Cir. 2014), the Court finds that Petitioner's collateral attack on his removal order is proper under § 2255. Furthermore, the Ninth Circuit has held that statutory interpretations decisions, such as *Johnson*, apply retroactively to collateral attacks under § 1326. *See id.* at 633.

plea agreement and PSR only indicate that Petitioner's CPC § 211 conviction was the reason for his removal, but do not list the exact grounds for his removal. *See generally* PSR ¶ 3; ECF No. 15 at 7. INA § 237, which governs the removal of non-citizens, enumerates many grounds for removal based upon criminal offenses or other violations of law. *See* 8 U.S.C. § 1227(a). One such ground is that the non-citizen is inadmissible, within the meaning of INA § 212 at the time of entry. 8 U.S.C. § 1227(a)(1). Under INA § 212(a)(2)(A), a non-citizen who has been convicted of a "crime involving moral turpitude" is inadmissible. 8 U.S.C. § 1182(2)(A)(i). The Ninth Circuit has squarely held that robbery under CPC § 211 is a crime involving moral turpitude ("CIMT") for purposes of INA § 212(a)(2)(A)(i)(I). *Mendoza v. Holder*, 623 F.3d 1299, 1300 (9th Cir. 2010). Therefore, because Petitioner's CPC § 211 is a CIMT pursuant to Ninth Circuit law, there is a valid legal basis for his removal order, and he cannot demonstrate that the underlying removal order was "fundamentally unfair." Even assuming the truth of Petitioner's allegations that he never saw an immigration judge, and "was served with a final removal order and removed," ECF No. 28 at 4, Petitioner cannot demonstrate that he suffered prejudice as a result of the removal order because he has not set forth any "plausible grounds for relief" from the removal order. *See Raya-Vaca*, 771 F.3d at 1206. Although Petitioner is correct in his argument that CPC § 211 is no longer an "aggravated felony" for purposes of his immigration removal order, *see United States v. Bernal-Sanchez*, No. 15CR1689 WQH, 2016 WL 727070 at *7-8 (S.D. Cal. Feb. 24, 2016); *see also United States v. Dixon*, 805 F.3d 1193, 1196-97 (9th Cir. 2015), CPC § 211 is still a deportable offense on account of being a CIMT. *See Mondoza*, 623 F.3d 1300. Accordingly, the Court finds that Petitioner's removal order is valid and cannot serve as the basis for § 2255 relief in this case.

**2.    USSG Challenge**

Petitioner also contests the applicability of the 16-point enhancement in the calculation of his Guidelines sentence. ECF No. 34 at 2. This argument is premised upon the notion that *Johnson*'s holding—that the ACCA's residual clause is unconstitutionally vague—also applies to Guidelines and permits him to bring a Guidelines-based challenge to his sentence. *See* ECF No. 28. In *Beckles v. United*

8

*States*, which was decided subsequent to Petitioner's motion, the Supreme Court foreclosed Petitioner's argument. *See* 137 S. Ct. 886, 874 (2017). Specifically, *Beckles* held that the Guidelines are not subject to vagueness challenges "because they merely guide the district court's discretion" and because "[t]he advisory Guidelines … do not implicate the twin concerns underlying vagueness doctrine—providing notice and preventing arbitrary enforcement." *Id.* Therefore, Petitioner's USSG challenge has been foreclosed by the Supreme Court. *See id.*

Moreover, the application of the 16-point enhancement pursuant to USSG § 2L1.2(b)(1)(A)(ii) did not in any way implicate the language found unconstitutional in *Johnson*. Under this provision, if a defendant "previously was deported, or unlawfully remained in the United States, after—a conviction for a felony that is … a crime of violence," the defendant will receive a 16-level enhancement to his offense level if his conviction receives criminal history points. USSG § 2L1.2(b)(1)(A)(ii) (2013). Because Petitioner's CPC § 211 conviction received 3 criminal history points pursuant to USSG § 4A.1.1(a), *see* PSR ¶ 15, the Court need only focus its inquiry on whether Petitioner's conviction is a "crime of violence" within the meaning of the definition supplied in the Commentary of USSG § 2L1.2. As mentioned above and raised by the Government in its opposition to Petitioner's motion, *see* ECF No. 31 at 10, the Commentary's "crime of violence" definition explicitly includes any state "robbery" offenses. The Ninth Circuit has affirmed that CPC § 211 is a "crime of violence" for purposes of USSG § 2L1.2. *United States v. Flores-Mejia*, 687 F.3d 1213, 1215-16 (9th Cir. 2012) ("[W]e hold that a conviction under California Penal Code § 211 remains a categorical crime of violence under the 'enumerated offenses' definition in USSG § 2L1.2.").

For these reasons, the Court finds that the 16-point enhancement under USSG § 2L1.2 was properly imposed.

### 3. **Conclusion and Certificate of Appealability**

Because the Court concludes that none of the grounds raised in Petitioner's § 2255 has merit, and that his sentence was not imposed in violation of the Constitution, the Court **DENIES** Petitioner's

§ 2255 motion.

An appeal may not be taken from the denial of a § 2255 motion unless a certificate of appealability is issued. 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To obtain a certificate of appealability, Petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (internal quotation marks and citations omitted).

Because Petitioner has failed to make a showing that he was denied a constitutional right, the Court **DECLINES** to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## V. CONCLUSION AND ORDER

**IT IS HEREBY ORDERED** that Petitioner Jose Ortega-Sanchez's Motion to Vacate, Set Aside, or Correct Sentence pursuant to § 2255 (ECF No. 18) is **DENIED**. The Court also **DECLINES** to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **September 6, 2017**            /s/ Lawrence J. O'Neill
                                         UNITED STATES CHIEF DISTRICT JUDGE